# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1889V**
**Filed: June 30, 2026**

| | |
|---|---|
| WENFEI KANG,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Horner |

*Andrew Donald Downing, Brueckner Spitler Shelts, Scottsdale, AZ, former counsel for petitioner.*
*Wendy Cox, Siri & Glimstad LLP, Austin, TX, for petitioner*
*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 26, 2023, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 22, 2021 influenza ("flu") vaccination. (*Id.*) On December 19, 2024, petitioner moved for an award of interim attorneys' fees and costs totaling $19,305.00, including $18,805.91 in attorneys' fees and $499.09 in attorneys' costs. (ECF No. 18.) Respondent filed his response on January 17, 2025, objecting to an award of interim attorneys' fees and costs on the basis that the petition lacked a reasonable basis. (ECF No. 21.) Specifically,

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

respondent argued the case cannot meet the Vaccine Act's severity requirement. (*Id.*) For the reasons discussed below, petitioner's motion is **GRANTED**, and interim attorneys' fees and costs are awarded in the requested amount.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In this case, respondent objects because petitioner had only one medical encounter during the six months following her vaccination and subsequently received another vaccination in the same shoulder. (ECF No. 21, pp. 9-10.) However, respondent acknowledges that a later incident report documenting petitioner's alleged SIRVA from January of 2023 indicates that her symptoms had mostly resolved "after more than a year." (*Id.* at 9.) While it remains very possible that petitioner may not *preponderantly* establish that her shoulder pain persisted for at least six months, I find that the records do contain more than a mere scintilla of evidence, sufficient to satisfy the lower evidentiary burden relative to attorneys' fees and costs.[3]

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. Here, I exercise my discretion to award interim attorneys' fees and costs, given the length of time this case has been pending. Apart from his objection as to the reasonable basis for the petition, respondent otherwise deferred to the special master's discretion regarding any award of interim attorneys' fees and costs. (ECF No. 21, p. 12.)

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347-48. This is a two-step process.

[3] However, petitioner's current counsel should not take comfort that this case will maintain a reasonable basis moving forward. At this time, petitioner is under order to produce an expert report supporting a cause-in-fact claim because the undersigned has preliminarily concluded petitioner will be unable to meet the Table criteria for SIRVA. Because the expert's opinion will need to substantiate a specific injury, the expert's report will likely be informative of whether a reasonable basis can be sustained. Accordingly, reasonable basis may be reassessed once petitioner has filed her expert report.

*Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The undersigned has reviewed the attorney billing records submitted with petitioner's request. I do not see any reason to reduce the hourly rates requested or the hours billed. I have also reviewed the requested costs. The requested costs are reasonable and sufficiently documented.

**Accordingly, the undersigned awards the total of $19,305.00 as a lump sum representing reimbursement for interim petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's former counsel, Andrew Donald Downing's, IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.